[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#121)
The Defendant, Connex International, Inc., moves for summary judgment as against the sole remaining claim set forth in the Plaintiff, Rebecca Barton's, Substituted Complaint dated November 19, 1997. Said remaining claim sounds in negligent infliction of emotional distress in connection with Plaintiff's separation, on or about January 4, 1995, from her employment with the Defendant. CT Page 744
The Defendant employer argues that the Motion for Summary Judgment should be granted because the Plaintiff employee has failed to produce "sufficient evidence to support any element of her claim for negligent infliction of emotional distress" and, as a result, there is no genuine issue of material fact between the parties.
The plaintiff employee counters that there is a genuine issue of material fact as to whether the Defendant's behavior was "unreasonable", especially in light of the Plaintiff's known physical and emotional disabilities. Said issues of material fact, argues the Plaintiff, should be resolved by a trier of fact. The Plaintiff specifically alleges that material factual disputes exist with respect to a "ninety-day self-improvement plan" implemented by the Defendant employer and intended as a form probation against the Plaintiff. The Plaintiff further alleges that there are material factual disputes with respect to the physical harassment the Plaintiff claims she suffered at the hands of a supervisor.
The Plaintiff argues further that given the acknowledged physical and mental limitations of the Plaintiff, with the testimony of expert witnesses and a subjective determination on the issue of reasonableness, there are clearly genuine issues of material fact in this case.
The Connecticut Rules of Practice provide that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. (Citations omitted; internal quotation marks omitted.) Hertz Corp. v.Federal Insurance Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). See also Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Hertz Corp. v. Federal Insurance Co., supra,245 Conn. 381. See also Practice Book § 17-46. CT Page 745
"[N]egligent infliction of emotional distress in the employment context arises only where it is based uponunreasonable (emphasis added) conduct of the defendant in the termination process. The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim of negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." (Citations omitted; internal quotation marks omitted.) Parson v.United Technologies Corp. , 243 Conn. 66, 88-89, 700 A.2d 655
(1997).
The Plaintiff notes in her own Memorandum of Law in opposition to the Motion for Summary Judgment that "The Courts have not required proof of extreme and outrageous conduct as an element of emotional distress in employment cases, but a type of conduct that no reasonable person could be expected to endure." The Plaintiff though has failed to assert facts that would give rise to such a finding or a finding that the conduct of the employer in the termination process was in any way "unreasonable". The facts suggest that quite the contrary was true and that many special accommodations were made to satisfy the Plaintiff's special needs throughout the course of her employment with the Defendant and during the termination process such as the implementation of the "self improvement plan" and providing the employee the opportunity to "resign" her position rather than being fired.
In the instant matter, viewing the facts in the light most favorable to the Plaintiff employee, the Court finds that the Defendant employer's conduct in terminating the Plaintiff employee was not unreasonable. It is uncontroverted that prior to her separation from employment the Plaintiff employee was first placed on probation to give her an opportunity to improve her job performance and prevent being fired. (Deposition of the plaintiff, pp. 22-23). The Defendant employer's behavior in connection with the termination of the Plaintiff did not rise to the level of being socially intolerable and, as such, was not unreasonable.
There are reported Superior Court cases wherein Motions for Summary Judgment have been granted in claims alleging negligent infliction of emotional distress in a termination of employment matter. In the matter of Musielski v. Jewish Home for theCT Page 746Elderly, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 330050 (May 4, 1998, Skolnick, J.), the Court held that "[V]iewing the evidence in the light most favorable to the plaintiff, that is, that the plaintiff may have been terminated without cause, the plaintiff's duties were withdrawn little by little, and the plaintiff was not allowed to say goodbye to the residents and staff of the defendant, such conduct would not present genuine issue of material fact indicating that the defendant acted unreasonably in discharging the plaintiff".
Based upon its careful consideration of the arguments of counsel at the hearing on this Motion and based upon its further careful review of the Memoranda of Law, Affidavits and Exhibits that have been submitted in connection with said Motion for Summary Judgment and the Objection thereto, the Court concludes that there is no genuine issue of material fact that the defendant, Connex International, Inc., did not act unreasonably in termination of the plaintiff, Rebecca Barton.
Because unreasonable conduct by the employer in the termination process is a necessary element of a claim for negligent infliction of emotional distress in the employment context, and because there is no genuine issue of material fact that the Defendant was not unreasonable in the termination of the Plaintiff, the Motion for Summary Judgment is accordingly granted.
BY THE COURT
CARROLL, J.